IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIAMOND INSURANCE COMPANY as subrogee of Jim, Phyllis, and Emily Rector, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 04 C 7120 |
| JUDITH COCHRAN AND WINGFIELD DISTRIBUTORS, Defendants. | ) ) ) ) | |

## MEMORANDUM AND ORDER

Defendant Wingfield Distributors is a common carrier of goods pursuant to the Carmack Amendment, 49 U.S.C. § 14706. Jim, Phyllis, and Emily Rector gave their horse, RA Victor +/-, to defendant Judith Cochran, a shareholder and officer of defendant Wingfield Distributors, to transport to Colorado. RA Victor +/- died as a result of a car accident while he was en route. Plaintiff Diamond State Insurance, which had insured RA Victor +/-'s fatal trip, filed suit against Cochran and Wingfield in its capacity as the Rectors' subrogee. The defendants seek to transfer this action to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). For the following reasons, their motion is granted.

I.  **Background**

The following facts are undisputed or were alleged by Diamond and will be presumed true for the purposes of this motion. The Rectors owned RA Victor +/-. Emily Rector lives in Arizona. None of the parties mention Jim and Phyllis Rectors' citizenship, but the court surmises that they must live in this district as there is otherwise no explanation as to why this case was filed here. Cochran lives in Urbana, Illinois, and Wingfield Distributors is headquartered there. Diamond is an Indiana corporation with its principal place of business in Indiana.

On the day of the accident, Cochran was driving a truck with a trailer containing RA Victor +/- from New Mexico to Colorado. The accident which led to RA Victor +/-'s death

occurred in Colorado. Bob Locke, RA Victor +/-'s trainer, also appears to have been at the scene of the accident. Locke is a resident of Arizona.

In Diamond's two count complaint, it asserts that Cochran was responsible for the accident that caused RA Victor +/-'s death. It also alleges that it paid $25,000 to the Rectors under the insurance policy covering RA Victor +/-. Diamond thus seeks reimbursement from Cochran (Count I) and/or Wingfield Distributors (Count II).

## II. Standard for a Motion to Transfer

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1404(a), the party seeking transfer must demonstrate that: (1) venue is proper in the transferor court; (2) venue would be proper in the transferee court; and (3) transfer will serve the convenience of the parties and witnesses and promote the interests of justice. *See, e.g., Mattson v. Gerry Wood Products Co.*, No. 95 C 2314, 1997 WL 158334 at *1 (N.D. Ill. Mar. 31, 1997). The movant must also demonstrate, "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.1986).

The convenience of the witnesses and the parties is the most important § 1404(a) factor. *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill.1994). When evaluating this factor, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *Houck v. Trans World Airlines, Inc.*, 947 F. Supp. 373, 375 (N.D. Ill.1996). The court also considers whether the parties have met their burden of specifically identifying the witnesses they intend to call, as well as the general content of the witnesses' proposed testimony. *See Mattson v. Gerry Wood Products Co.*, 1997 WL 158334 at *1 (collecting cases); *see also Midwest Precision Services, Inc. v. PTM Industries Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983)

(in connection with motions to transfer, courts should only consider undisputed facts supported by affidavits, depositions, stipulations or other relevant documents).

With respect to the interests of justice prong, the inquiry generally centers on judicial economy rather than the litigants' or witnesses' private interests. *Koos, Inc. v. Performance Industries, Inc.*, 747 F. Supp. 487, 491 (N.D. Ill.1990). Relevant considerations include the forum's relationship to the cause of action, the court's familiarity with the applicable law and the court's likely access to the sources of proof and other evidence. *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. at 66. Because the task of weighing factors for and against transfer "necessarily involves a large degree of subtlety and latitude," the decision to transfer is committed to the sound discretion of the trial judge. *Coffey v. Van Dorn Iron Works*, 796 F.2d at 219.

## III. Discussion

The parties agree that venue is proper in this district as well as the proposed transferee district. *See* 28 U.S.C. § 1391(b)(1). The court thus turns to whether transfer to the Central District of Illinois would serve the convenience of the parties and witnesses and promote the interests of justice.

### A. Convenience of Parties and Witnesses

#### 1. Plaintiff's Choice of Forum

Generally, the plaintiff's choice of forum is given deference, particularly when the plaintiff selects his home forum. *See, e.g., Dunn v. Soo Line R.R. Co.*, 864 F. Supp. at 65. A plaintiff's choice of forum, however, is entitled to less weight when "the chosen forum lacks any significant connection to the cause of action." *Sanders v. Franklin*, 25 F. Supp. 2d 855, 858 (N.D. Ill. 1998). Moreover, while a plaintiff's choice of forum plays an important role in determining whether to transfer venue, it is not absolute. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 833 (N.D. Ill.1999).

Cochran and Wingfield's potential liability under the Carmack Amendment is at the center of this case. Under the Carmack Amendment to the Interstate Commerce Act, a trucker is

responsible for damage to a plaintiff's goods unless she proves that she was free from fault. 49 U.S.C. § 14706; *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 633 (7th Cir. 2001). Under the Carmack Amendment, a shipper must establish a prima facie case by showing "(1) delivery in good condition; (2) arrival in damaged condition; and (3) the amount of damages." *American Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Systems*, Inc., 325 F.3d 924, 928-29 (7th Cir. 2003). Once the shipper establishes a prima facie case, the carrier must show "that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Id.*

The parties here do not appear to be contesting the fact that RA Victor +/- was delivered to the defendants in good condition. Instead, the main issues in this case center around whether the defendants were negligent and, if so, the extent of the plaintiffs' damages. Here, Jim and Phyllis Rector presumably live in Illinois, Emily Rector lives in Arizona, Diamond, the Rectors' subrogee, is a citizen of Indiana, the defendants live in Urbana, Illinois, and the accident which led to RA Victor +/-'s demise occurred in Colorado. Given the Northern District of Illinois' tenuous connection with this case, the court finds that this district lacks any significant connection to Diamond's cause of action. Accordingly, Diamond's choice of forum is not entitled to substantial deference.

### 2. Site of Material Events

As noted above, the accident which is at the center of this case occurred in Colorado. This factor thus does not favor this district or the proposed transferee district.

### 3. Availability of Evidence in Each Forum

In evaluating the availability of evidence in each forum, the court must consider whether the parties have specifically identified the witnesses they intend to call and the general content of those witnesses' testimony. *See Mattson v. Gerry Wood Products Co.*, 1997 WL 158334 at *1 (collecting cases). The filings in this case do not provide the court with any specific information about any proposed witnesses other than the parties themselves. Nevertheless, from the limited

information before the court, the Central District of Illinois is a more convenient forum for the main witness in this case, defendant Judith Cochran.

Specifically, the named plaintiff in this case, Diamond, is an Indiana citizen. Two of the three owners of RA Victor +/- live in this district and the other owner, as well as RA Victor +/-'s trainer, live in Arizona. Cochran, who drove the trailer on the day of the accident, lives in Urbana, Illinois, and Wingfield Distributors is headquartered there. Cochran's testimony will be more central to this case than the testimony of Jim and Phyllis Rector, given that Cochran's alleged negligence is at the heart of this case.

With respect to the planned documentary evidence, the parties do not provide the court with any specific information they intend to present. Regardless of where the trial is held, however, modern communication and transportation have made the exchange of documents easier and less expensive. *See Coolsavings.Com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp. 2d 1000, 1006 (N.D. Ill. 1999). Thus, the availability of testimonial evidence favors the Central District of Illinois and the availability of documentary evidence does not favor either forum.

### 4. Convenience of the Parties

Diamond wishes to litigate in this district, presumably because Jim and Phyllis Rector reside here, and the defendants wish to litigate in their home district. The Northern and Central Districts of Illinois are both, obviously, in Illinois and traveling across the state is not nearly as onorous as traveling across the country. Nevertheless, it is more convenient not to have to travel at all. Merely shifting the inconvenience from one party to another does not make the litigation less inconvenient overall, so this factor does not favor either party. *See, e.g., Ty, Inc. v. Collett*, No. 99 C 692, 1999 WL 300290 at *5 (N.D. Ill. May 6, 1999).

### B. Interests of Justice

As noted above, when considering the interests of justice prong, the court must focus on the forum's relationship to the cause of action, the court's familiarity with the applicable law, and the court's likely access to the sources of proof and other evidence. *Koos, Inc. v. Performance*

*Industries, Inc.*, 747 F. Supp. at 491; *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. at 66. In this case, neither forum has a relationship to Colorado, where the accident occurred. This factor thus does not support either party.

Both this court and the proposed transferee court are both located in Illinois and thus are equally familiar with the governing law. This brings the court to the likely access of each court to the sources of proof and other evidence. This factor turns on whether the important witnesses identified by each party can be subpoenaed for live trial testimony in both fora. *See Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996) (live testimony rather than testimony by deposition is preferred whenever possible). The parties have not identified any witness who can only be called in one district, so this factor is in equipoise.

To sum up, the plaintiffs' subrogee chose to file suit in Illinois, and two of the three plaintiffs are Illinois citizens and appear to reside in this district. The defendants, who are potentially responsible for the accident that led to RA Victor +/-'s death reside in the proposed transferee district, and none of the other relevant witnesses reside in either forum. In addition, the named plaintiff is an Indiana citizen, the accident in Colorado is at the heart of this case and Judith Cochran is the key witness with respect to the accident, Emily Rector does not reside in this district, and Diamond has not identified any key testimony that Jim and Phyllis Rector will provide which cannot be readily provided if this case proceeds in the Central District. Finally, the plaintiff has not identified any witnesses besides Jim and Phyllis Rector who reside in Illinois and for out of state witnesses, it is just as easy to fly to the Central District of Illinois as the Northern District of Illinois.

Accordingly, after careful consideration of the parties' filings, the court finds that the fact that Diamond chose to file suit in Illinois is the only factor that truly favors the plaintiffs. It is true that two of Diamond's subrogors live in Illinois, but their connection to this case is far less important than Cochran's. It is also important to note that neither district has a material connection to this case and key witnesses and evidence are either located in the Central District

or outside Illinois. The court thus finds, in its discretion, that when all of the factors are balanced, the convenience of the witnesses and the interests of justice are served by transfer. This case is, therefore, transferred to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a).

## IV. Conclusion

The defendants' motion to transfer venue [7-1] is granted. This action is hereby transferred to the United States District Court for the Central District of Illinois.

DATE: February 8, 2005

Blanche M. Manning
United States District Court Judge